**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Joanne E. Horen, etc.,                       Case No. 3:11CV1110

        Plaintiff

     v.                                      **ORDER**

Lucas County, Ohio,

        Defendant

       Plaintiff, a former staff attorney with the Lucas County, Ohio, Court of Common Pleas, filed a complaint against the County in which she asserts, *inter alia*, claims under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. (FMLA), Americans With Disabilities Act, 42 U.S.C. § 12132 (ADA), and Rehabilitation Act, 29 U.S.C. § 794. She also asserts supplemental state claims.

       Pending is the County's motion for judgment on the pleadings. (Doc. 13). The gravamen of the motion is that under Ohio law a county is not amenable to suit unless it has adopted a charter or alternative form of government. *See, e.g., Western Pa. Nat'l Bank v. Ross*, 342 F.2d 525 (6th Cir. 1965); *see also* O.R.C. § 301.22.

       Also pending is plaintiff's motion for leave to file her second amended complaint (Doc. 14),[1] in which she names, in addition to the County (which was the sole defendant in her original complaint), the Lucas County Board of Commissioners and two Lucas County Common Pleas Judges individually and in their official capacities. (Doc. 14).

---

[1] At the direction of the Clerk, acting in accordance with our Local Rules, plaintiff filed an amended complaint in which she deleted the name of a minor child on whose behalf, in addition to herself, she seeks recovery.

For the reasons that follow, the County's motion for judgment on the pleadings shall be denied and the plaintiff's motion for leave to amend granted.

### 1. Motion for Judgment on the Pleadings

I recently considered the issue which the County raises in its motion:

> [As] other courts have pointed out, the rationale underpinning counties' lack of capacity under Ohio law is "not conceptually distinct from the question of the entity's sovereign immunity as an arm of the state." *Turner v. Toledo*, 671 F. Supp. 2d 967, 971 (N.D. Ohio 2009). Ohio courts have treated the question of a county's capacity to be sued as turning on the extent to which a county is an instrumentality of the state. *State ex rel. Ranz v. Youngstown*, 140 Ohio St. 477, 483, 45 N.E.2d 767 (1942) (comparing counties to municipal corporations, which are not "superimposed by a sovereign and paramount authority"). Defendants assert that Ohio counties thus lack capacity for the same reason counties in the past asserted sovereign immunity—Ohio law treats them as an arm of the state.
>
> But the Supreme Court has held that a political subdivision is not "the State" and cannot enjoy sovereign immunity from a § 1983 suit. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280–81, 97 S. Ct. 568, 50 L. Ed.2d 471 (1977). Thus, "a governmental entity's status under state law is not conclusive of whether that entity may be sued under federal law, though state law does provide evidence of whether a given entity is, in fact, 'the State.' " *Turner, supra*, 671 F. Supp. 2d at 972.
>
> Moreover, in the special context of § 1983 actions, "a state law that immunizes government conduct otherwise subject to suit under 1983 is pre-empted ... because the application of state immunity law would thwart the congressional remedy." *Felder v. Casey*, 487 U.S. 131, 139, 108 S. Ct. 2302, 101 L. Ed.2d 123 (1988). Section 1983 preempts Ohio law where it imposes a barrier to bringing an otherwise valid claim, and therefore Rule 17(b) does not bar this suit against the county. FN3
>
>> FN3. As defendants point out, Ohio law provides that a county's commissioners have the ability to sue and to be sued, and Peart has named each of Seneca County's commissioners in his or her official and individual capacity. Dismissing Seneca County would have no effect on the claims or remedies available here, and even if the preceding discussion is incorrect, such dismissal would achieve nothing more than to correct a pleading formality.

*Peart v. Seneca County, Ohio*, 2011 WL 4000828, *4 (N.D. Ohio).

There appears to be no reason why the preemption flowing from § 1983 should not also apply to other federal remedial statutes protecting individual rights, such as the FMLA, ADA and Rehabilitation Act. For that and the other reasons expressed in *Peart, supra*, I deny the County's motion for judgment on the pleadings.

## 2. Motion for Leave to Amend

Under Fed. R. Civ. P. 15(a)(1)(B), a court should "freely give leave" to amend (when, as here, amendment is not of right) "when justice so requires." The County claims justice does not require an amendment.

As to the Commissioners and Judge Stacy Cook, I disagree. If I am mistaken in my conclusion that the County is amenable to suit *vis-a-vis* the plaintiff's federal claims, *see Peart, supra,* at *4 (noting that the Sixth Circuit has not addressed this issue and district courts have reached inconsistent conclusions), then plaintiff would be left without a remedy. To avoid this result, justice requires that she have leave to amend her complaint to name individual defendants.

The County points out, however, that the plaintiff's second amended complaint fails to allege that Judge Gary Cook played any role whatsoever in the events giving rise to this suit. It is correct: the complaint simply names him in the caption and states within its body that "[a]t the time of [her] appointment [to the position she occupied when terminated], Judge Gary Cook was the Administrative Judge for the Lucas County Common Pleas Court, and therefore supervised all Judges." (Doc. 14-1 ¶ 8).

Plaintiff has failed to allege any act or failure to act on Judge Gary Cook's part that would give rise to recovery against him on any of her causes of action. The interests of justice are not served by entangling him in this suit.

His dismissal shall, however, be without prejudice to seek leave to re-join him in the event discovery discloses grounds to do so.

## Conclusion

For the forgoing reasons, it is hereby

ORDERED THAT:

1. Defendant's motion for judgment on the pleadings (Doc. 13) be, and the same hereby is denied; and

2. Plaintiff's motion for leave to file her second amended complaint (Doc. 14) be, and the same hereby is granted, except to the extent that it names Judge Gary Cook as a defendant; as to him, leave to amend is not granted, without prejudice.

So ordered.

/s/ James G. Carr
Sr. United States District Judge