IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joanne E. Horen, et al.,                                    Case No. 3:11CV1110

        Plaintiff

v.                                                                         ORDER

Lucas County, et al.,

        Defendant

      This is a suit by a former staff attorney with the Lucas County, Ohio, Court of Common Pleas. She challenges her firing. Pending are motions by defendants Lucas County and the Lucas County Commissioners for judgment on the pleadings. (Docs. 23, 26).

      For the reasons that follow, the motions are granted.

      With regard to the County, it is, as the defendants point out, well settled that a County cannot be sued in Ohio unless it has adopted a charter, or alternative form of government. O.R.C. § 301.22. This, Lucas County has not done. Thus, as stated long ago in *Hunter v. Comm'rs*, 10 Ohio St. 515, 520 (1860), "a county can neither sue nor be sued, except by express power conferred by statute, and in the manner so expressed."

      The plaintiff claims that, because her paychecks came from the Lucas County Treasurer, she was an employee of Lucas County. But that does not matter: the County did not employ her – the Court of Common Pleas did – and it was that entity that fired her, not the County.

For that reason, the motion of the Commissioners must also be granted. The Common Pleas Court, not the Commissioners, is the hiring authority. O.R.C. §§ 1901.33, 2301.12. Those provisions authorize the Court to hire and fire its staff. The Commissioners do not review, endorse or otherwise control the Court's decisions. Therefore, if any constitutional mistake infected the decision to fire the plaintiff, they were neither responsible for that mistake nor liable for its consequences.

It is, therefore,

ORDERED THAT: the motions of Lucas County and the Lucas County Commissioners (Docs. 23, 26) be, and the same hereby are granted.

So ordered.

/s/ James G. Carr
Sr. United States District Judge